UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE       )
OFFICER OF THE CENTRAL PENSION FUND          )
OF THE INTERNATIONAL UNION OF OPERATING      )
ENGINEERS AND PARTICIPATING EMPLOYERS        )
4115 Chesapeake Street, N.W.                 )
Washington, D.C. 20016,                      )
                                                Plaintiff,     )
                                                    )
                    v.                        )

F. B. MCINTIRE EQUIPMENT COMPANY             )
3025 S. Cravens Road                         )
Forest Hill, Texas 76119                     )
        Serve: Registered Agent              )
               Raymond C. Davis             )
               1222 N. Loop 12              )
               Irving, Texas 75061          )
                                    Defendant.   )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension

Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant F. B. McIntire Equipment Company is a corporation with an office located at 3025 S. Cravens Road, in Forest Hill, Texas, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

### JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and a trust agreement. This Court has subject matter jurisdiction under §§ 502(a) (3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound at all relevant times to the Crane Rental Service Agreement with International Union of Operating Engineers Local Union No. 178 and Participating Agreements that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdiction of the Local Union.

7. Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours paid to employees of the Defendant performing work covered by the Agreements.

8. During the period of January 2013 to December 2015 the Defendant employed employees performing work covered by the Agreements.

9. During the period of January 2013 to December 2015 the Defendant failed to pay all contributions owing to the Central Pension Fund.

10. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. In February 2017 Calibre CPA Group PLLC completed a payroll audit of the records supplied by the Defendant for Employer Identification Number 15629 covering account number 116789 for the period of January 2013 to December 2015 for work performed under the Agreements within the jurisdiction of International Union of Operating Engineers Local Union No. 178.

15. The results of the audit revealed that during the months of January 2013 to December 2015 the Defendant failed to pay all contributions owing to the Central Pension Fund under the Agreements in the total amount of $5,565.55.

16. The Plaintiff first became aware of this delinquency as a result of the audit findings.

17. The Defendant failed to pay the amount of contributions owing to the Central Pension Fund as revealed by the audit.

18. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreements, the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

19. The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund as well as the cost of the audit.

20. The Central Pension Fund is entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

**WHEREFORE,** Plaintiff prays judgment against the Defendant on Counts I of the Complaint as follows:

A. For unpaid contributions due and owing to the Plaintiff for work performed during the months of January 2013 to December 2015 in the amount of $5,565.55.

B. For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) and up to the date of judgment.

C. For costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D. Such further relief as the Court deems appropriate.

Respectfully submitted,

Date: August 3, 2017

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
rhopp@odonoghuelaw.com

By: _____
R. Richard Hopp (Bar No. 432221)
*Attorney for the Plaintiff*